a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN CRENSHAW<br>#86065/274144,<br>Petitioner | CIVIL DOCKET NO. 5:23-CV-00278<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN CADDO CORRECTIONAL CENTER,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) and Motion for Order to Show Cause (ECF No. 3) filed by pro se Petitioner Jonathan Crenshaw ("Crenshaw"). Crenshaw is detained at the Caddo Correctional Center in Shreveport, Louisiana. He seeks a release from custody and the dismissal of his pending charge.

Because Crenshaw has not exhausted his claims in the state courts, the Motion (ECF No. 3) should be DENIED, and the Petition (ECF No. 5) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Crenshaw alleges that he has been detained for four years awaiting trial for second-degree murder. ECF Nos. 1, 5. He indicates that his trial has been reset four times. ECF No. 1 at 1. Crenshaw states that he has filed various motions in the trial court including a motion for bond reduction, motion for compassionate relief, motion

1

to quash, motion for dismissal, motion to suppress, and motion for writ of mandamus. *Id.*

## II. Law and Analysis

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Crenshaw does not claim that he filed a state habeas petition or sought any review beyond the First Judicial District Court, where his criminal charges are pending. Therefore, he has not fully exhausted.

### III. Conclusion

Because Crenshaw has not exhausted any viable claim under § 2241, IT IS RECOMMENDED that the Motion (ECF No. 3) be DENIED, and Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 26, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE